NeArbas, J.
This action was tried as a preferred cause under rule 36 upon the ground that the defendant was actually confined in jail under an order of arrest. It is conceded that no notice of trial was ever served. By section 980 of the Code the party who has served a nótice of trial is alone authorized to move the cause for trial. As the defendant eoncededly neglected to give such notice he was not in a position to urge the cause for trial. But it is claimed that the plaintiffs waived the service of such notice. They certainly did not do so upon the motion for a preference, for the order recites their failure to appear. Did they waive such service by going on with the trial ? We think not. An exception to the refusal of the court to postpone the trial was sufficient to bring the question before the court on appeal from the judgment, and it was not necessary to submit to a dismissal, involving the discharge of the defendant from custody (Gregg v. Howe, 37 Superior, 420; Gallandet v. Steinmetz, 6 Abb., N. C., 224.)
The order granting a preference was not conclusive upon the trial judge. Section 793 of the Code requires the service of the order with or before service of the notice of' trial and expressly provides that the order may be vacated by the trial judge holding the term at which the preferred cause is noticed foy trial. But this cause never was noticed for trial by either party, nor was such notice waived by the plaintiff. Hence, it seems to us either that the order should have been vacated or that the request to postpone the trial should have been granted. However much we may be inclined to dispose of cduses speedily, particularly when a party is confined in jail, still it must be done in the orderly way prescribed by the Code. The other litigant must also be taken into consideration and proceedings which result in expediting him out of court by reason of insufficient opportunity to prepare for trial especially when the cause was improperly on the calendar should not be countenanced.
Without therefore discussing the other exceptions raised upon the trial, we think the judgment should be reversed for the reasons stated.
Judgment reversed and new trial ordered with costs to appellant" to abide event.
Hall and Browse, JJ., concur.